1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Phone: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Mary L. Prater

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Mary L. Prater, | ) | Case No. |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | COMPLAINT |
| Experian Information Solutions, Inc, an Ohio corporation; | ) ) ) ) | (Fair Credit Reporting Act 15 USC § 1681 *et seq*) |
| Trans Union LLC, a Delaware limited liability company; and | ) ) ) | DEMAND FOR JURY TRIAL |
| Equifax Information Services LLC, a Georgia limited liability company, | ) ) ) | |
| Defendants. | ) ) ) | |

**Preliminary Statement**

1.    This is an action for damages brought by plaintiffs Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union") and Equifax Information Services LLC ("Equiax") for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*.  (FCRA).

**The Parties**

2.     Plaintiff Mary L. Prater is an individual consumer.

3.    Defendant Experian is a Ohio corporation with its principal place of business in Costa Mesa, California.

4.     Defendant Trans Union LLC is a Delaware corporation with its principal place of business in Chicago, Illinois.

5.     Defendant Equifax Information Services LLC is a limited liability company organized under the laws of Georgia.

## Jurisdiction & Venue

6.     The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p.

7.     The defendants regularly conducts business in this district and the events described in this complaint arose in this district. Plaintiff is a permanent resident of San Jose, California.

## Description of the Case

8.     Plaintiff Mary L. Prater's credit files are mixed with those of her mother, Beatrice S. Ruiz, with her brother William Anthony Ruiz, who both live in Stockton, California and possibly with other persons.

9.     During the past five years, plaintiff Mary L. Prater has contacted the defendant credit reporting agencies about the merging of other persons' credit files with her own files.

10.     The credit reporting agencies told plaintiff that in order to dispute their reporting, she would have to secure copies of her own current credit reports.

11.     However, when plaintiff attempted to do so, the agencies responded with requests for personal identifying information. Plaintiff provided the requested information, but the agencies still would not provide copies of her credit reports.

12.     On August 31, 2011, in response to plaintiff's request for a copy of her credit report, Experian sent a note saying it had received a "suspicious request regarding credit information that we have determined by sent by you" and for that reason took no action on her request. However, in fact that plaintiff made the request for a copy of her own credit report.

13.     On April 22, 2014, plaintiff's attorney sent completed Annual Credit Report Request Form to the Annual Credit Report Request Service, PO Box 10581, Atlanta, GA 30348-5281 on behalf of plaintiff to all three defendants. On May 1, 2014, defendant Trans Union sent plaintiff's attorney a note that plaintiff's credit report would be sent to her, but she never received it. Experian and Equifax did not respond to the request for her credit report.

14.     Despite plaintiff's efforts, each of the defendant agencies willfully, intentionally, recklessly and negligently repeatedly failed to accurately disclose to plaintiff the information in her credit files as required by 15 U.S.C. § 1681g(a)(1).

15.     As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration.

**First Claim: Violations of the Fair Credit Reporting Act—Against Experian, Trans Union and Equifax**

16.     Plaintiff incorporates by reference ¶¶ 1 through 15.

17.     The Fair Credit Reporting Act, 15 U.S.C. § 1681g provides that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request, with exceptions not relevant to plaintiff's claim.

18.     Plaintiff provided the defendant agencies adequate identification each time she asked the agencies to provide copies of her credit files.

19.     The defendant agencies violated § 1681g in failing to provide plaintiff and credit grantors copies of her credit files.

20.     The agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

21.     The FCRA requires defendants to conduct reasonable reinvestigations of consumer

disputes "free of charge," and the law does not allow defendants to condition reinvestigations on obtaining a credit report. 15 U.S.C. § 1681i(a)(1)(A).  However, consumers cannot file disputes with defendants without having first obtained their credit report and providing the identification number on the report. The fact that consumers may obtain a free credit report once a year was, in plaintiff's case, of no assistance because defendants would not even provide her one free report. Calling defendants on the telephone to lodge disputes is extremely difficult or impossible. Calls are usually routed to poorly trained, poorly paid employees of contractors in India (in the case of Trans Union), India or the Philippines (in the case of Equifax), or to Chile (in the case of Experian). Employees in defendants' call centers have only three to five minutes to handle each call, which is inadequate if the facts are the least bit complicated.

22.     The defendant agencies failed to conduct a reasonable investigation of the accuracy of plaintiff's credit files in violation of § 1681i.

23.      As a result of the above-described violations of § 1681g, § 1681i, and § 1681e(b), plaintiff has sustained actual damages.

24.     The agencies' violations of the FCRA were willful and therefore plaintiff is entitled to also seek statutory and punitive damages.

### PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1.     Actual, statutory and punitive damages;

2.     Injunctive relief;

3.     Costs and attorney's fees; and

4.     Such other relief as the Court may deem proper.

Dated: June 18, 2014.

ANDERSON, OGILVIE & BREWER LLP

By   /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

1

DEMAND FOR JURY TRIAL

2

Plaintiff demands a trial by jury on all issues.

3

Dated: June 18, 2014.

4

ANDERSON, OGILVIE & BREWER LLP

5

6

By */s/ Mark F. Anderson*

7

Mark F. Anderson
Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28